Russell WALTERS et al., Plaintiffs-Appellants Cross-Appellees,

v.

ROADWAY EXPRESS, INC. et al., Defendants-Appellees Cross-Appellants.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, Local 891, Teamsters, Chauffeurs, Warehousemen and Helpers of America, Defendants-Appellees.

No. 78–3487.

United States Court of Appeals, Fifth Circuit.

July 24, 1980.

Dixon L. Pyles, Jackson, Miss., for plaintiffs-appellants cross-appellees.

G. William Baab, Ed B. Cloutman III, Dallas, Tex., Armin J. Moeller, Jr., M. Curtiss McKee, Jackson, Miss., for defendants-appellees cross-appellants.

Before TJOFLAT, POLITZ and HATCHETT, Circuit Judges.

PER CURIAM:

Roadway Express, Inc. came into existence by an Interstate Commerce Commission order of merger. In this case, before us for the second time, employees of Roadway Express, Inc. contend that action by their employer and union reduced their seniority in violation of the I.C.C. order. In *Walters v. Roadway Express, Inc.*, 557 F.2d 521 (5th Cir. 1977), we remanded to the district court for its consideration of this contention. We also requested the district court to state reasons for its denial of costs to the prevailing parties to enable us to determine whether the denial was within its discretion.

We are satisfied with the district court's resolution of these concerns. Consequently, we affirm the district court's judgment on the basis of its opinion, which we adopt.

DISTRICT COURT OPINION

"This cause is before the Court upon remand from the United States Court of Appeals for the Fifth Circuit, *Walters v. Roadway Express, Inc.*, 557 F.2d 521 (5th Cir. 1977), which affirmed in part and reversed and remanded in part this Court's decision in the case, reported in *Walters v. Roadway Express, Inc.*, 400 F.Supp. 6 (S.D.Miss. 1975). The facts and history of the case are welloutlined in those two reported decisions and need no elaboration here. The issues in the case have been considerably narrowed by the scrutiny of the higher court, and this Court is duty bound in these circumstances to limit itself to considering only those questions determined to be remaining by the Court of Appeals. The statement of this well settled rule may seem unnecessary, but at times during the hearing on these issues the parties seemed inclined to inject new matter before the Court.

"The plaintiffs raised three issues before the Court of Appeals. First, they argued that the reduction in their seniority violated the order of the Interstate Commerce Commission (ICC) granting Roadway control over West's operations. Secondly, they argued that this reduction violated the National Master Freight Agreement (NMFA), the collective bargaining agreement under which the unions and management were governed. Third, plaintiffs contended that the grievance committee erred in denying the plaintiffs' grievance over their dismissal for allegedly conducting a wildcat strike. The Fifth Circuit rejected the plaintiffs'

second and third arguments, but sent the first issue back for our consideration, as will be explained in detail below.

"At the original trial of this case the Court rendered a Judgment dismissing the ICC claim on jurisdictional grounds, holding that any complaint relating to an alleged violation of an ICC order was within that agency's exclusive jurisdiction. The Court of Appeals disagreed with this conclusion, stating that this Court had jurisdiction over that claim because of 28 U.S.C. § 1336(a), although the plaintiffs had neglected to allege this statute in their complaint as a basis for this Court's jurisdiction. This statute provides that the district court shall have jurisdiction to enforce, in whole or in part, any order of the ICC. The appeals court's reasoning was that since the plaintiffs were alleging that the Committee's action in reducing their seniority violated the ICC order, which the plaintiffs alleged contained a condition that no employee be placed in a worse position as a result of the merger, they were in effect asking for enforcement of that order as part of their claim for relief, and therefore 28 U.S.C. § 1336(a) was a ground for jurisdiction. The Court of Appeals emphasized that it was expressing no opinion as to the plaintiffs' likelihood of success in prosecuting this claim but was only holding that it should not have been dismissed on jurisdictional grounds.

"The appeals court was very explicit in detailing the duty of the district court in regard to the alleged violation of the ICC order. See 557 F.2d at 523, n.3. First we must determine if the ICC order required the carrier to insure a fair and equitable arrangement to protect the interests of the employees affected by Roadway's acquisition of West. In connection with this inquiry the appellate court said that its examination of the record indicated only that the hearing examiner stated in his recommendation of the merger to the ICC that in light of the high turnover among motor transportation employees, "it is unlikely that the interests of employees will be materially adversely affected by the transaction." Whether this statement was embod-

ied in the order and whether it meant that the parties must insure that no adverse effect on employees occurred were matters for the court to decide on remand the Fifth Circuit said. In the event this Court found that such a condition was part of the order, we were directed to determine whether a reduction in the seniority of Roadway employees at the Meridian terminal was the "material adverse effect" contemplated.

"So there is first a problem of interpretation, whether the claimed condition was part of the ICC order, and then prospectively a problem of compliance, whether the condition as read into the ICC order was complied with. This is in line with the views of the plaintiffs' attorney in this area as expressed at the hearing, where counsel admitted that the plaintiffs were not attacking the ICC order, but merely seeking its enforcement.

"With our chore thus explained, a review is in order of the Report and Order recommended by Louis E. Bartoo, Hearing Examiner, in No. MC–F–10178, *Roadway Express, Inc.—control—West Brothers, Inc.,* which is dated February 10, 1969, and was adopted as the Order of the ICC at a session held on June 26, 1969. (The language quoted by the Court of Appeals in its opinion is from the *control* hearing, and not the *merger* hearing as the Court of Appeals stated, but this is irrelevant to the effect of the language which must be determined by this Court.) The relevant portions of that Order are found in the subheading entitled "Employees" and read as follows:

Initially, all other employees, other than top management of West Brothers, Inc., who are qualified under Roadway's standards will be offered employment with either West Brothers, Inc. or Roadway Express, Inc., subject to good behavior, satisfactory service, decline in business, matters beyond the control of the parties, and requirements of labor contracts and their accepted interpretations as of the date of consumation . . . . Applicants represent, however, that in light of (a) the current trend of growth in general

business, industry, and employment, as well as motor carrier traffic in the area, (b) pending applications for expansion of routes of both carriers in the West Brothers area and nearby areas, and (c) the fact that historical turnover of employment among effected classes of personnel of the carriers substantially exceeds the number of positions that will be abolished as the result of such consolidations, it is unlikely that the interest of employees will be materially adversely affected by the transaction. The examiner finds that it has not been shown that the transaction will have a substantial adverse effect upon employees.

### DISCUSSION, FINDINGS AND CONCLUSIONS

. . . . It has not been shown that the transactions will have any adverse effect upon any other carrier, nor upon employees.

■ "This is the language that the plaintiffs insist requires the carrier to insure protection of the interests of the employees affected by Roadway's acquisition of West Brothers, Inc. It is apparent to the Court, however, that the only requirement in this area was that the acquisition's effect upon employees was to be governed by the terms of the applicable collective bargaining agreements and their accepted interpretations, and that Roadway was to employ the West Brothers employees in accordance with such agreements and their accepted interpretations. There is no other requirement in the Hearing Examiner's Report or in the Order of the ICC with respect to the interests of the employees, and this is readily apparent by reading the very language from those documents noted above. The requirement that the plaintiffs envision could have easily been included in the report and order and was not. It was the applicant Roadway's forecast that it was "unlikely" that any adverse effect would result, but the hearing examiner went another step and found that there would be no substantial adverse effect upon the employees. Now the plaintiffs ask the Court to go

one step further and include a guarantee of affirmative action to protect the interests of these employees and this the Court will not do. We are limited, as the statute says, to enforcing the Order of the ICC, and have no power to expand and supplement it.

"Both this Court and the Court of Appeals have found that there was a compliance with the applicable collective bargaining agreements, and so the Court's duty of examination with respect to the alleged violation of the ICC order is fulfilled.

■ "Next we turn to the question of the apportionment of the costs of the previous trial of this case. Initially, the Court held that each side was to bear its own costs, but the Court of Appeals remanded this matter because "the trial court gave no reasons for its decision to deny the prevailing parties their costs." 557 F.2d at 526. The issue was therefore remanded to us to state a justification for denial of the costs of the first trial to the appellees in that appeal, so the Court of Appeals might have some basis to judge whether this Court abused its discretion in this regard. At this stage of the proceeding it is only Roadway which is involved in this issue, inasmuch as counsel for the union defendants stated at the hearing that they were not seeking costs from the plaintiffs, because plaintiffs were union members and as a matter of policy the union defendants had decided not to seek payment of their costs.

"The Court of Appeals noted that this Court has broad discretionary powers in taxing costs, citing *Harrington v. Texaco, Inc.*, 339 F.2d 814 (5th Cir. 1964), *cert. denied*, 381 U.S. 915, 85 S.Ct. 1538, 14 L.Ed.2d 435. We used that broad discretion in requiring each party to bear its own costs after the first hearing, and reaffirm that decision in part for the following reasons. The largest part of the costs that Roadway sought to tax to the plaintiffs was $10,-815.49 expended to prepare information for the plaintiffs, pursuant to the Court's order. The history of the plaintiffs' difficulty and efforts in getting this information, which Roadway had agreed to supply, is contained in full in Plaintiffs' Exhibit 2(A) and (B),

introduced in the latest hearing after remand, and also in Defendants' Exhibit 1. With its familiarity with this issue, gained by the constant first-hand monitoring of the conduct of both parties, the Court felt that Roadway should in all fairness bear these costs, in view of the facts and circumstances surrounding this large amount. The Court has the distinct impression that the cost of compiling this information was inflated by the defendant Roadway's lack of diligence, and unquestionably the plaintiffs' cost of litigation was increased by the time and effort expended in this matter. It is for these reasons that the Court decided and still decides that Roadway must bear this element of costs from the original trial. All other costs of the first trial, as well as the costs of the remand, will be taxed against the plaintiffs, except that part of those costs generated by the union defendants, which according to their statement at trial will be paid by those defendants.

"A Judgment conforming with this Post-Remand Memorandum Opinion, approved as to form by counsel for all parties, shall be presented to the Court within the time and in the manner prescribed by the Local Rules."

AFFIRMED.