### In re PIN OAKS APARTMENTS, ALLEGED PARTNERSHIP, Debtor.

**Joe E. RUSSO, Diversified Building Equities, Inc., and David Askanase, Trustee, Appellants,**

v.

**ICM REALTY, Appellee.**

**Civ. A. No. H–80–2557.**

United States District Court,
S. D. Texas,
Houston Division.

Sept. 14, 1981.

J. Woodfin Jones, Bracewell & Patterson, Houston, Tex., for appellants.

Van Oliver, Thompson & Knight, Dallas, Tex., for appellee.

## MEMORANDUM AND ORDER

SEALS, District Judge.

This action originated as an appeal from an order of the bankruptcy court. On May 22, 1981, this Court entered a final judgment in favor of the appellee, ICM Realty, from which no further appeal has been taken. The judgment directed that costs be taxed against the appellants, Joe E. Russo and Diversified Building Equities, Inc. On July 30, 1981, sixty-nine days after entry of final judgment, ICM Realty submitted a Bill of Costs to the Clerk of the Court. The appellant has filed a timely objection to the Bill of Costs pursuant to Rule 54(d), Fed.R. Civ.P., and Local Rule 8.

The appellants object to the Bill of Costs submitted to the Clerk by ICM Realty on several grounds.[1] Foremost, the appellants claim that taxation of costs should not be allowed because ICM Realty failed to timely file a Bill of Costs in accordance with Local Rule 8 of the United States District Court for the Southern District of Texas. Local Rule 8 provides, in part:

> No later than fourteen days after entry of final judgment in the action, counsel shall move for costs by filing with the Clerk a Bill of Costs, on the form secured from the Clerk.

ICM Realty submitted a Bill of Costs to the Clerk on July 30, 1981, sixty-nine days after entry of final judgment. ICM Realty claims it was unaware of the fourteen day time limitation set forth in Local Rule 8 and that no prejudice or harm has resulted from the delay. Moreover, ICM Realty claims its failure to comply with the requirements of Local Rule 8 results from delayed communications between client and counsel and the client's personal problems. Finally, ICM Realty points out that during the course of this action the appellants have also failed to comply with certain time limitations. *See* ICM Realty Response to Appellants' Objections to Bill of Costs.

There is no doubt that ICM Realty failed to comply with the requirements of Local Rule 8. The time limit established by Local Rule 8 is necessary to the orderly administration of cases and is binding upon the parties. *See Calmaquip Engineering West Hemisphere Corp. v. West Coast Carriers Ltd.*, 650 F.2d 633, 636 (5th Cir. 1981); *Woods Constr. Co. v. Atlas Chemical Indus., Inc.*, 337 F.2d 888, 891 (10th Cir. 1964). Accordingly, the Bill of Costs submitted to the Clerk of the Court must be refused. *See Walters v. Roadway Express, Inc.*, 622 F.2d 162, 165 (5th Cir. 1980).

For the reasons stated above, the Court hereby ORDERS:

The Bill of Costs filed by the appellee, ICM Realty, shall be refused by the Clerk of the Court.

The appellants, Joe E. Russo and Diversified Building Equities, Inc., are relieved from the operation of that portion of the final judgment which taxed costs against the appellants. Otherwise, the final judgment remains unaltered and fully operative.

---

1. The appellants also object to the proposed Bill of Costs because it does not contain a proper affidavit. ICM Realty has not responded to that objection. The Court notes, however, that the printed statement subscribed to by the appellee on the Bill of Costs form provided by the Clerk appears to comply substantially with the requirements of 28 U.S.C. § 1746.

   Additionally, the appellants objected to specific items listed in the Bill of Costs claiming that these items are not recoverable as costs. The appellants claim the following items are not recoverable:
   (1) travel expenses for witness Gregory E. Sauter, Bill of Costs, Exh. A, item no. 7;
   (2) deposition costs of Messrs. Tollett, Klinger and Tesch, *id.*, items nos. 2, 4 and 5;
   (3) transcript costs of hearings on June 5, 1980 and March 10, 1981, *id.*, items nos. 1 and 3;
   (4) xeroxing and mailing expenses, *id.*, item no. 6.
   ICM Realty has not responded to these objections. *See Newman v. Staley Mfg. Co.*, 648 F.2d 330, 336–37 (5th Cir. 1981); *Copperweld Steel Co. v. Demag-Mannesmann-Bohler*, 624 F.2d 7, 9 (3rd Cir. 1980); *Moss v. ITT Continental Baking Co.*, 83 F.R.D. 624, 627 (E.D.Va. 1979).

As a result, the parties shall bear their own costs in connection with this appeal.

The Clerk shall file this Memorandum and Order and shall provide counsel for all parties with a true copy.