EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,

v.

SEARS, ROEBUCK AND CO., Defendant.

No. 79 C 4373.

United States District Court, N.D. Illinois, E.D.

July 15, 1986.

As Amended Sept. 18, 1986.

Karen H. Baker, Gerald D. Letwin, James P. Scanlan, E.E.O.C., Chicago, Ill., for plaintiff.

Charles Morgan, Jr., Pamela S. Horowitz, Howard T. Anderson, Paul F. Colarulli, Morgan Associates, Chartered, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

Earlier in this action, Sears moved for attorneys' fees pursuant to Fed.R.Civ.P. 37(d).[1] That motion became fully briefed on November 26, 1984, at which time the court continued the motion until the conclu-

---

1. Rule 37(d) provides in relevant part:

 If a party ... fails (1) to appear before the officer who is to take his deposition, ... or (2) to serve answers or objections to interrogatories submitted under Rule 33, ... or (3) to serve a written response to a request for inspection submitted under Rule 34, ... the court in which the action is pending on mo-

 tion ... shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

sion of the case. On January 31, 1986, 628 F.Supp. 1264, this court issued its opinion, following a bench trial, ruling in Sears' favor on all issues tried. In February, 1986, Sears filed an expanded motion for attorneys' fees pursuant to Fed.R.Civ.P. 11,[2] 28 U.S.C. § 1927,[3] 42 U.S.C. § 2000e–5(k)[4] and . "the court's inherent duty to respond to the EEOC's bad faith."[5] EEOC responded to this motion in April, 1986.

Sears has also moved for costs in this action, pursuant to Fed.R.Civ.P. 54(d). Sears filed its Bill of Costs in March, 1986, and EEOC filed its objections to the Bill of Costs in May, 1986.

In a May 2, 1986, hearing, this court granted Sears' request to conduct limited discovery with regard to its entitlement to attorneys' fees. The court indicated at that hearing that it would deny any discovery concerning the EEOC's internal deliberations or thinking processes, but would allow discovery of the dates EEOC made actual decisions with respect to dropping charges, etc. *See* Transcript of May 2, 1986 Proceedings at 50–51. The court then ordered the parties to complete discovery on attorneys' fees by June 6, 1986, and ordered Sears to file its supplemental brief on attorneys' fees by June 20, 1986, and EEOC to file its brief in response by July 11, 1986.

The court also discussed Sears' Bill of Costs at the May 2, 1986 hearing. Prior to the hearing, EEOC moved for a ruling on certain cost issues. The court denied EEOC's motion at the hearing, ordered EEOC to file its objections to Sears' Bill of Costs by May 12, 1986, and ordered EEOC to file its final brief on or before July 21, 1986, and Sears to file its brief on or before August 15, 1986.

After Sears served EEOC with its discovery requests, EEOC moved for an immediate ruling on attorneys' fees without discovery, and renewed its motion for a ruling on certain cost issues without discovery. EEOC objects to Sears' attorneys' fees discovery requests, contending that they are late, they deal with EEOC's internal decisionmaking processes and irrelevant matters, they are exceedingly burdensome, and they are "to no purpose" because the standard for attorneys' fees under *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) is an objective standard.

Sears filed a memorandum in opposition to EEOC's motion for a ruling on fees and costs without discovery, and a motion for leave to conduct discovery regarding attorneys' fees. Sears contends that it should be allowed to discover EEOC's internal memoranda, letters and other documents because the intra-agency deliberative pro-

---

**2.** Rule 11 provides in relevant part:

Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney.... The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, ... an appropriate sanction, which may include ... a reasonable attorney's fees.

**3.** 28 U.S.C. § 1927 provides:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

**4.** Section 706(k) of Title VII, 42 U.S.C. § 2000e–5(k), provides:

In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

**5.** *See Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).

cess and attorney-client privileges do not apply when agency bad faith is at issue.

## I. *Attorneys' Fees Discovery*

This court now limits Sears' discovery on entitlement to attorneys' fees because (1) Sears has extensively presented to the court, throughout the course of this litigation, its arguments and evidence regarding its entitlement to fees; (2) many of Sears' discovery requests relate to EEOC's internal decisionmaking processes, and the court finds this information privileged; and (3) several of Sears' discovery requests are overly burdensome or insufficiently relevant, and the court therefore strikes or limits these requests in order to prevent this fee petition from becoming full-blown litigation in its own right. The court limits Sears' discovery, pursuant to its "wide discretion" under Fed.R.Civ.P. 26, in the manner set forth below. *See Indianapolis Colts v. Mayor and City Council of Baltimore*, 775 F.2d 177, 183 (7th Cir.1985).

EEOC contends that, under *Christiansburg*, the standard for a prevailing Title VII defendant's entitlement to attorneys' fees is an objective one. Therefore, evidence of its alleged bad faith is not relevant to Sears' fee petition.

 The court first notes that Sears does not only seek attorneys' fees under § 706(k), but also requests fees under Fed. R.Civ.P. 11 and 37(d), 28 U.S.C. § 1927, and the common law bad faith exception to the American rule against shifting attorneys' fees. As EEOC contends, a finding of subjective bad faith is not a *necessary* prerequisite to an award of fees under *Christiansburg*,[6] nor is it for an award under Rule 11.[7] Also, although a court must find, implicitly or explicitly, that an attorney intentionally proceeded with a claim lacking a plausible legal or factual basis before a court may assess fees under 28 U.S.C. § 1927, the court need not make an express finding of subjective bad faith, or malice, to support an award of fees under that section. *Knorr Brake Corp. v. Harbil, Inc.*, 738 F.2d 223, 227 (7th Cir.1984).

However, although Section 706(k), Rule 11 and Section 1927, and cases developing their standards, do not require an explicit showing of subjective bad faith, a court has even more support for an award of attorneys' fees under these provisions when, in addition to the express requirements of these provisions, bad faith is present.[8] *See, e.g., Christiansburg*, 434 U.S. at 422, 98 S.Ct. at 701 ("[I]f a plaintiff is found to have brought or continued [a Title VII] claim in *bad faith*, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense."

---

**6.** *See Christiansburg*, 434 U.S. at 421, 98 S.Ct. at 700 (holding that a court may award a prevailing Title VII defendant attorneys' fees under 706(k) when the plaintiff's action is "frivolous, unreasonable or without foundation, even though not brought in subjective bad faith.").

**7.** *See Indianapolis Colts v. Mayor and City Council of Baltimore*, 775 F.2d 177, 181 (7th Cir.1985) ("The language 'formed after reasonable inquiry' in the amended rule has in effect changed the standard for finding a violation of the rule from a subjective to an objective standard."). *See also Rodgers v. Lincoln Towing Service, Inc.*, 771 F.2d 194, 205 (7th Cir.1985).

**8.** The court notes at this juncture the Seventh Circuit's recent decision interpreting Rule 11 and Section 1927, *In Re TCI Ltd.*, 769 F.2d 441 (7th Cir.1985). In *TCI*, the court distinguished objective from subjective bad faith. *TCI*, 769 F.2d at 445. Although far from clear, the court seems to hold that a lawyer engages in "objective" bad faith "by acting recklessly or with indifference to the law, as well as by acting in the teeth of what he knows to be the law." *Id.* Having so defined "objective" bad faith, the court then stated that "[s]ubjective bad faith or malice *is important* only when the suit is objectively colorable." *Id.* (emphasis added).

This court does not interpret *TCI* as segregating "objective" bad faith to non-colorable cases only and "subjective" bad faith to colorable cases only. Subjective bad faith, or malice, may clearly be present in a frivolous, or non-colorable action. Rather, this court interprets *TCI*'s language as pertaining to the proof of bad faith necessary in colorable and non-colorable actions. In a non-colorable action, once a prevailing party has demonstrated that the claim is frivolous, or without foundation, the court may presume from this "objective" evidence reckless or intentional conduct constituting bad faith. In a colorable action, on the other hand, the prevailing party must present "subjective" evidence of improper motive, or malice, in order to demonstrate bad faith.

(emphasis in original) (footnote omitted)). In any event, Sears also requests fees under the common law exception to the American rule against shifting attorneys' fees, and therefore clearly places bad faith in issue.[9]

■ Although bad faith is in issue, the court now strikes, with limited exceptions,[10] Sears' discovery requests, including requests for information relating to its bad faith allegation, for the reason that the record in this case, and the surrounding circumstances, afford this court a more than adequate basis to determine Sears' entitlement to fees under the various provisions. *See Indianapolis Colts*, 775 F.2d at 183. Both parties have presented voluminous pleadings regarding entitlement to fees. In addition, Sears has alleged, and introduced evidence regarding the conflicts of interest of EEOC's Copus on numerous occasions. *See* Sears' Opposition to EEOC's Motion for Rulings Without Discovery at 9 ("Far from being an 'afterthought' or a 'new theory of recovery,' Sears' allegations of the EEOC's bad faith have been central to its request for attorney's fees from the time Sears first raised the issue of Mr. Copus' conflicts of interest [in 1978].").

In addition to relating to information already sufficiently in the record, Sears' discovery requests encompass privileged information.[11] A court may order official information, such as intragovernmental opinions or recommendations, privileged from disclosure under Fed.R.Ev. 501.[12]

9. Sears' contention that EEOC acted in bad faith focuses on (1) the alleged conflict of interest of Mr. David Copus, the Acting or Deputy Director of EEOC's National Programs Division from 1973 until April, 1977; and (2) EEOC's conduct throughout this case.

10. In its discretion, the court strikes all of Sears' discovery requests regarding entitlement, on the basis that the information requested is sufficiently before the court, privileged, or insufficiently relevant, or the request is overly burdensome, with the exception of Sears' Interrogatories Regarding Timing of Decisions 1(a) and (c), 3, 4, 7(a) and (b), 12(a) and (b), 17, 18(a) and (b), 22(a) and 23(a).

11. The court finds that the following requests for documents encompass privileged information regarding EEOC's decisionmaking processes:

1. Sears' request for all documents EEOC identifies in response to Sears' Interrogatories 1 and 2 Regarding Entitlement to Attorneys' Fees, dated May 20, 1986. Interrogatories 1 and 2 concern the steps EEOC followed in recommending and authorizing this and other employment discrimination cases against Sears.

2. Sears' request for all documents EEOC identifies in response to Sears' Second Interrogatories 1 through 3 Regarding Entitlement to Attorneys' Fees, dated June 4, 1986. Interrogatories 1 through 3 concern the investigation and procedural steps leading to, and the conciliation efforts in conjunction with Commission Decision 77–21.

3. Sears' request for a 1979 EEOC staff memorandum, authored by EEOC General Counsel Leroy D. Clark, regarding measures to avert an attorneys' fee award against EEOC, and for all documents EEOC identifies in response to Sears' Interrogatories Regarding Timing of Decisions, dated May 20, 1986. Sears may discover documents EEOC identifies in response to the interrogatories found appropriate by the court, *see supra* n. 10, to the extent that the documents do not disclose EEOC's deliberative processes.

The court reiterates that it finds all of Sears' interrogatories, save those listed in note 10, improper because they pertain to information either already sufficiently in the record or insufficiently relevant, or they are overly burdensome. Almost all of Sears' requests for documents are requests for documents identified in response to interrogatories. Therefore, the court strikes most of Sears' document requests, not only because they concern privileged documents, but also because these requests must necessarily fall with the court's decision as to the interrogatories.

12. Rule 501 provides in relevant part:

Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, state, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.

The court notes that the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), does not prevent application of the common law official information privilege in this case. Section 552(b)(5) of the FOIA states that the act does not apply to "inter-agency or intra-agency memorandums or letters which would not be avail-

Courts have recognized two bases for this official information privilege. First, there is the concern that governmental officials be able to engage in the frank, uninhibited discussion and communication necessary for effective operation of the government. *N.L.R.B. v. Sears Roebuck & Co.*, 421 U.S. 132, 151, 95 S.Ct. 1504, 1516, 44 L.Ed.2d 29 (1975); *King v. Internal Revenue Service*, 684 F.2d 517, 519 (7th Cir.1982); *Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena*, 40 F.R.D. 318, 324–25 (D.D.C.1966), *aff'd on opinion below*, 384 F.2d 979 (D.C.Cir.1967), *cert. denied*, 389 U.S. 952, 88 S.Ct. 334, 19 L.Ed.2d 361 (1967). Second, there is the concern that the judiciary should not interfere with executive functions, or " 'probe the mental processes' of an executive or administrative officer." *Carl Zeiss Stiftung*, 40 F.R.D. at 325 (*quoting Hickman v. Taylor*, 329 U.S. 495, 511, 67 S.Ct. 385, 393, 91 L.Ed. 451 (1947)). *See also Green v. Internal Revenue Service*, 556 F.Supp. 79, 84 (N.D.Ind.1982), *aff'd without opinion*, 734 F.2d 18 (7th Cir.1984); *In re Franklin National Bank Securities Litigation*, 478 F.Supp. 577 (E.D.N.Y.1979).

However, the government's evidentiary privilege to withhold intra-agency opinions or recommendations is qualified.[13] *Franklin*, 478 F.Supp. at 582. Application of the privilege requires a balancing of the government's interest in nondisclosure, or the public's interest in effective executive functioning, on the one hand, and the litigant's, and ultimately the public's, interest in accurate judicial fact finding on the other. *Franklin*, 478 F.Supp. at 582; *United States v. Beatrice Foods Co.*, 52 F.R.D. 14, 20 (D.Minn.1971).

Factors the court should consider in balancing these competing interests include the relevance of the evidence, the availability of other evidence, the seriousness of the issues and litigation, the government's role in the litigation and the possibility of chilling future governmental deliberations. *Franklin*, 478 F.Supp. at 583. *See generally* 2 Weinstein's Evidence ¶ 509[07] (1985). In the present case, there is other evidence supporting Sears' assertions of EEOC misconduct or bad faith, and Sears has already presented much, if not all, of this evidence to the court. Also, the possibility of chilling future EEOC deliberations regarding litigation strategy looms largely before the court. Therefore, the court finds that Sears may not discover or examine certain documents it has requested,[14] pursuant to the deliberative process privilege.

Not only do Sears' discovery requests pertain to information already sufficiently in the record, and privileged information, but many of the requests pertain to information that is insufficiently relevant, and many are overly burdensome. In *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983), the Supreme Court stated that "[a] request for attorney's fees should not result in a second major litigation." No doubt, the Court's remark stems from its concern for judicial economy and its desire to promote consolidation of appeals from decisions on the merits and decisions on attorneys' fee motions whenever possible. *See White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 454, 102 S.Ct. 1162, 1168, 71 L.Ed.2d 325 (1982) ("[T]he district courts generally can avoid piece-

able by law to a party other than an agency in litigation with the agency." *See Environmental Protection Agency v. Mink*, 410 U.S. 73, 86, 93 S.Ct. 827, 835–36, 35 L.Ed.2d 119 (1973) ( [T]he legislative history of Exemption 5 demonstrates that Congress intended to incorporate generally the recognized rule that confidential intra-agency advisory opinions ... are privileged from inspection.").

**13.** In addition, the court acknowledges that the privilege does not apply to purely factual material. *Mink*, 410 U.S. at 87–88, 89 n. 16, 93 S.Ct.

at 836–37, 837 n. 16. Nor does it apply to a memorandum embodying an agency's final decision, as long as the memorandum does not reveal the decision-making process. *Sears*, 421 U.S. at 151–52, 95 S.Ct. at 1516–17; *King*, 684 F.2d at 520–21 (a document prepared before an agency decision may lose its exempt status if, and when, the agency later formally or informally adopts the document as its position on an issue).

**14.** *See supra* n. 11.

meal appeals by promptly hearing and deciding claims to attorney's fees. Such practice normally will permit appeals from fee awards to be considered with any appeal from a final judgment on the merits."); *Terket v. Lund,* 623 F.2d 29 (7th Cir.1980) (holding that, in the interests of judicial economy, district courts should proceed with attorneys' fees motions, after an appeal of the final decision on the merits has been filed, as expeditiously as possible).

Both parties have appealed this court's decision on the merits, and the appeal is scheduled to be fully briefed on December 31, 1986. Consolidation of the appeals on the merits and on the attorneys' fees motion in this case is most desirable, given the complexity of the issues and volume of the documents which the appellate court will need to consider and review in both appeals.

Thus, for all of the above reasons, the court strikes Sears' discovery requests regarding entitlement to attorneys' fees, except for the interrogatories listed in note 10.

**15.** Rule 54(d) also provides that costs against a United States agency, such as the EEOC, shall be imposed only to the extent permitted by law. Section 706(k) of Title VII, 42 U.S.C. § 2000e–5(k), states that the United States and the EEOC "shall be liable for costs the same as a private person," and therefore provides the necessary statutory authorization for such cost awards.

**16.** Section 1920 provides:
**§ 1920. Taxation of costs**
A judge or clerk of any court of the United States may tax as costs the following:
 (1) Fees of the clerk and marshal;
 (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
 (3) Fees and disbursements for printing and witnesses;
 (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
 (5) Docket fees under section 1923 of this title;
 (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

## II. *Costs Discovery*

EEOC has requested that the court rule on four distinct cost issues before detailed discovery on costs resumes. Specifically, EEOC requests that the court determine Sears' entitlement to: (1) expert witness fees above the statutory witness fee limit; (2) expenses for copies of material other than trial exhibits; (3) expenses for computer assisted legal research; and (4) expenses for computerized litigation support.

Federal Rule of Civil Procedure 54(d) provides that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." [15] Rule 54's standard for cost awards is therefore much different from the standard for awards of attorneys' fees to prevailing Title VII defendants under *Christiansburg.* A court may award a prevailing Title VII defendant its costs even though the plaintiff proceeded in good faith with a non-frivolous claim. *Coyne-Delany v. Capital Development Board of the State of Illinois,* 717 F.2d 385, 390 (7th Cir.1983).

Allowable items of costs are set forth in 28 U.S.C. § 1920,[16] 28 U.S.C. § 1821 [17] and

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

**17.** 28 U.S.C. § 1821 sets out with particularity the recoverability of witness fees. That section provides in part:
**§ 1821. Per diem and mileage generally; subsistence**
 (a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.

• • • • •

 (b) A witness shall be paid an attendance fee of $30 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

• • • • •

 (d)(1) A subsistence allowance shall be paid to a witness (other than a witness who is incarcerated) when an overnight stay is required at the place of attendance because such place is so far removed from the resi-

Local Rule 45.[18] As to items of cost allowable under the statutes, the court has "broad discretion" to determine whether the cost was reasonably necessary to the conduct of the litigation, and whether the amount of the cost is reasonable. *Mary Beth G. v. City of Chicago,* 723 F.2d 1263, 1282 (7th Cir.1983); *State of Illinois v. Sangamo Construction Co.,* 657 F.2d 855, 864 (7th Cir.1981). As to items of costs not recoverable under the statutes, the court may award such costs, but must give requests for such costs "careful scrutiny" and exercise its discretion "sparingly" with regard to such costs. *Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964); *Sangamo,* 657 F.2d at 864 n. 11; *Wahl v. Carrier Manufacturing Co., Inc.,* 511 F.2d 209, 215–18 (7th Cir.1975).

In this opinion, the court will determine whether these four cost items are recoverable under the statutes, and, if not, whether the court will allow such costs in its discretion, to the extent that they are not later shown to be unnecessary or unreasonable. The court reserves its ruling on the necessity and reasonableness of these and other items of costs until after the parties have

completed discovery and filed their final briefs on costs.[19]

### A. *Expert Witness Fees*

Sears requests expert witness fees substantially in excess of the amount allowed under 28 U.S.C. § 1821. Specifically, Sears requests costs in the amount of $3,483,-487.07 for its twelve expert witnesses, inclusive of travel and subsistence costs for each expert witness.

The Seventh Circuit's recent opinion in *Chicago College of Osteopathic Medicine v. George A. Fuller Co.,* 801 F.2d 908 (7th Cir.1986), makes clear that prevailing parties may not recover as costs expert witness fees in excess of the amount allowed under 28 U.S.C. § 1821. Accordingly, the court will not allow as costs Sears' expert witness fees in excess of Section 1821's limits.

However, the Seventh Circuit, in *Fuller,* left open the possibility of "lumping [such excess expert witness fees] in with attorneys fees when there is an attorney's fee-shifting statute in play." *Fuller,* at 912. The fee-shifting provision in Title VII, 42 U.S.C. § 2000e–5(k), applies in this case. The court reserves its ruling on the

---

dence of such witness as to prohibit return thereto from day to day.

(2) A subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services, pursuant to section 5702(a) of title 5, for official travel in the area of attendance by employees of the Federal Government.

**18.** Local Rule 45 provides in part:

**a. Time for Filing Bill of Costs**

Within thirty (30) days of the entry of a judgment allowing costs, the prevailing party shall file a bill of costs with the clerk and serve a copy of the bill on each adverse party. If the bill of costs is not filed within the thirty days, costs other than those of the clerk, taxable pursuant to 28 U.S.C. § 1920, shall be deemed waived. The Court may, on motion filed within the time provided for the filing of the bill of costs, extend the time for filing the bill.

**b. Costs of Stenographic Transcripts**

Subject to the provisions of Rule 54(d) of the Federal Rules of Civil Procedure, the expense of any prevailing party in necessarily obtaining all or any part of a transcript for use in a

case, for purpose of a new trial, or amended findings, or for appeal shall be taxable as costs against the adverse party. If in taxing costs the clerk finds that a transcript or deposition was necessarily obtained, the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided for by order of court. Except as otherwise ordered by the court, only the cost of the original of such transcript or deposition together with the cost of one copy each where needed by counsel and, for depositions, the copy provided to the court pursuant to General Rule 18 e, shall be allowed.

**19.** The court stresses at this juncture that Rule 54 creates a presumption in favor of awarding costs; therefore, EEOC has the burden of persuading the court that costs were unnecessary or unreasonable, at least with regard to costs allowable under the statutes. *Coyne-Delany,* 717 F.2d at 390; *Ingersoll Milling Machine Co. v. Otis Elevator Co.,* 89 F.R.D. 433 (N.D.Ill.1981).

allowability of excess expert witness fees as part of a fee award under 42 U.S.C. § 2000e–5(k) until such time as the court rules on Sears' entitlement to attorney's fees. *See Heiar v. Crawford County*, 746 F.2d 1190, 1203 (7th Cir.1984); *Henry v. Webermeier*, 738 F.2d 188, 192 (7th Cir.1984).

### B. *Copying Costs*

Section 1920(4) provides that a court may allow as taxable costs fees for copies of papers "necessarily obtained for use in the case." Sears requests a total of $895,-467.32 for copying fees, which includes the cost of duplication of documents and the cost of microfiche and equipment. Sears does not identify the number of originals copied, nor the identity of the documents copied. In her affidavit in support of Sears' Bill of Costs, Sears' attorney Pamela S. Horowitz identifies some of the documents copied as pretrial motions and memoranda, correspondence between the parties, deposition transcripts, documents exchanged during discovery, trial briefs, written testimony, trial exhibits, and the trial transcript. In her supplemental affidavit, Horowitz further specifies that the copying costs include the duplication of pretrial transcripts, reports and studies, pleadings and opinions in other cases, legal memoranda, and computer printouts. Further, EEOC contends that Sears has included in its copying costs the cost of its subscription to the Seventh Circuit's slip opinion service during part of 1984 and 1985.

Sears contends that the length and complexity of this case necessitated extensive copying of documents, exhibits, pleadings and transcripts. According to Sears, during the five years between the filing of the complaint and the beginning of the trial, the parties filed numerous motions and conducted broad discovery, including extended depositions concerning complex statistical analyses. Also, the decentralized nature of Sears and the nationwide scope of EEOC's pattern or practice claim mandated the retrieval of thousands of documents from numerous locations.

EEOC, on the other hand, contends that the "overwhelming majority" of Sears' requested copying expenses do not qualify as taxable costs under Section 1920(4) and cases interpreting that section. Therefore, the EEOC requests the court to deny all copying costs to Sears, given its "bad faith" petition for costs "between 20 and 100 times the costs to which it is actually entitled." In the alternative, EEOC requests this court to order Sears to file a petition itemizing its actual costs for those duplicating expenses that are properly taxable as costs under Section 1920(4).

Courts, in their discretion, may deny costs to a prevailing party based on that party's bad faith or misconduct. *Wilkerson v. Johnson*, 699 F.2d 325, 330 (6th Cir.1983) (prevailing party's counsel did not file brief or appear for oral argument); *Walters v. Roadway Express, Inc.*, 622 F.2d 162 (5th Cir.1980) (prevailing party's lack of diligence inflated costs). *See generally* Bartell, *Taxation of Costs and Awards of Expenses in Federal Court*, 101 F.R.D. 553, 562–63 (1984).

■ However, the court finds that Sears did not request copying costs in bad faith. Section 1920(4) authorizes costs for copies "necessarily obtained for use in the case." That section does not exclude any categories of documents from its scope. Sears requests costs for copies which it contends it necessarily obtained in its defense. Requesting such costs prior to any ruling by this court concerning entitlement to costs, and in the absence of a clear prohibition of such costs in this circuit,[20] does not constitute bad faith. Therefore, the court will not deny all such costs. The court will require further summary itemization of Sears' claim for costs before the court makes its detailed ruling.[21]

---

**20.** The Seventh Circuit has approved the award of costs for copies of pleadings, correspondence, discovery documents and transcripts. *Sanga-*

*mo*, 657 F.2d at 867; *SCA Services, Inc. v. Lucky Stores*, 599 F.2d 178, 180–81 (7th Cir.1979).

**21.** *See infra* section "E."

## C. Computer Assisted Legal Research

There is no statutory provision authorizing the recovery of costs for computer assisted legal research. In *Independence Tube Corp. v. Copperweld Corp.*, 543 F.Supp. 706, 723 (N.D.Ill.1982), the district court, exercising its "limited discretion under Rule 54(d) to award as costs of suit expenses not specifically allowed by statute," awarded as costs $5,093.33 for computerized legal research. In so holding, the court noted that the computer "replaces by instantaneous and supposedly infallible retrieval, many hours which would be billable if performed by human talent." *Independence Tube*, 543 F.Supp. at 723 (*quoting Pitchford Scientific Instruments Corp. v. Pepsi, Inc.*, 440 F.Supp. 1175, 1178 (W.D.Pa.1977), *aff'd without opinion*, 582 F.2d 1275 (3d Cir.1978), *cert. denied*, 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 242 (1979)).

■ It is precisely because computer assisted legal research replaces attorney efforts that this court, in its "limited" discretion under Rule 54(d), denies without prejudice Sears' request for costs in the amount of $370,139.93 for Lexis services. Such costs are more appropriately considered as expenses incident to attorneys' fees; therefore, this court will rule on this request after it rules on Sears' entitlement to attorneys' fees. *See Bennett v. Central Telephone Co. of Illinois*, 619 F.Supp. 640, 643 n. 1, 655 (N.D.Ill.1985) (Lexis charge is an expense recoverable as part of an attorneys' fee award); *Fressell v. AT & T Technologies, Inc.*, 103 F.R.D. 111, 112–15 (N.D.Ga.1984) (Lexis fees not taxable as costs; court reserves ruling on whether they may be recoverable as attorneys' fees); *Friedlander v. Nims*, 583 F.Supp. 1087, 1088–89 (N.D.Ga.1984) (expenses of computerized legal research are properly considered a component of attorneys' fees and are not recoverable as costs); *Wolfe v. Wolfe*, 570 F.Supp. 826, 828 (D.S.C.1983) (Westlaw charges incidental to attorneys' services

and therefore, not considered to be valid costs); *United Nuclear Corp. v. Cannon*, 564 F.Supp. 581, 591–92 (D.R.I.1983) (Lexis is out-of-pocket expenditure, beyond normal overhead, which should be included in an attorneys' fee award); *United States v. Bedford Associates*, 548 F.Supp. 748, 753 (S.D.N.Y.1982) (Lexis costs are out-of-pocket expenses which are not recoverable under § 1920); *Pitchford*, 440 F.Supp. at 1178 (Lexis cost awarded as expense incidental to attorneys fee award). *But see Wehr v. Burroughs Corp.*, 619 F.2d 276, 285 (3d Cir.1980) (allowing recovery for computer-aided legal research as a reasonable cost of litigation); *International Wood Processors v. Power Dry, Inc.*, 598 F.Supp. 299, 305 (D.S.C.1984) (award of costs for Lexis research appropriate).

## D. Computerized Litigation Support

The court, for similar reasons, finds, without prejudice, that Sears may not recover as costs of suit its expenditures for a computerized litigation support system. Sears seeks to recover $1,559,792.36 for its computerized litigation support system, and $25,989.65 for the magnetic tapes it needed in order to load the transcripts of the pretrial proceedings, depositions and trial into the computer. In her affidavit in support of Sears' bill of costs, Horowitz explained that Sears' counsel utilized this system to code and index case materials, such as pleadings, transcripts and discovery documents, for easy retrieval.

■ As with computerized legal research, a computerized retrieval system performs the work an attorney, paralegal or law clerk would have to perform in its absence.[22] Therefore, expenses for such systems are more properly considered expenses incidental to an award of attorneys' fees, not costs of suit, and the court will therefore rule on this request after it rules on Sears' entitlement to attorneys' fees. *See Berkey Photo, Inc. v. Eastman Kodak Co.*, 603 F.Supp. 263, 309 n. 75 (2d Cir.1979),

---

22. Fees for work performed by paralegals and law clerks may properly be included in an attorneys' fee award. *Stevens v. Zenith Distributing*

*Corp. of Kansas*, 1984–2 Trade Cases (CCH) ¶ 66,257 at 67,112–13 (W.D.Miss.1984).

*cert. denied,* 444 U.S. 1093, 100 S.Ct. 1061, 62 L.Ed.2d 783 (1980) (expenditures for use of computer retrieval service not recoverable as costs of suit); *Litton Systems, Inc. v. American Telephone and Telegraph Co.,* 613 F.Supp. 824, 836 (S.D.N.Y.1985) (costs for computerized litigation support, like word processing and Lexis costs, are not recoverable costs under Rule 54(d) and 28 U.S.C. § 1920).

### E. Discovery on Costs

■ In light of the preceding discussion, the discretion a court has under Fed.R. Civ.P. 26 to limit the frequency and extent of discovery, and in an attempt to prevent the fee petition and bill of costs in this case from resulting in a "second major litigation," the court now sets the following cost discovery guidelines.

First, the court orders Sears to file an amended bill of costs setting forth its costs for court reporting, witnesses, and exemplification and copies, with reasonable particularity. The bill of costs pleadings make passing reference to several items of costs, included but not itemized in the bill of costs, which the court may likely find improperly included or unreasonable. The level of itemization in the bill of costs filed does not permit the court to quantify these costs, or discern if there are other improper or unreasonable items included in the bill of costs. By way of example only, the court requests the following cost details: (1) the total number of copies of pretrial, deposition and trial transcripts included under the "court reporting" and "copying" cost categories; (2) whether the "microfiche" costs were for rental or purchase of equipment (and, if purchased, the cost effective reasons therefor) and the subject matter, purpose, and use of same; and (3) a summary itemization of items included in the "copy" category which were not actual costs for copies of transcripts, pleadings, correspondence, discovery documents or exhibits. The court stresses that Sears' amended bill of costs should be a usable, reasonable summary itemization of costs; it should contain more detail than what has been filed, but should not be an unwieldy item-by-item list of costs.

Second, the court sets the following guidelines with regard to EEOC's proposed discovery on costs:[23]

1. The court finds all discovery relating to computer assisted legal research and the computerized litigation support system shall be delayed until the court has ruled on entitlement to attorneys' fees. Specifically, the court strikes interrogatories 26–33 of EEOC's Interrogatories Regarding Sears' Bill of Costs ("Interrogatories").

2. The court finds interrogatories 1 and 2, regarding assurance that costs listed do not include costs incurred in other court actions, appropriate as worded.

3. With regard to deposition costs, and specifically interrogatories 3 and 4, EEOC may discover the position of the person deposed and the subjects covered in the deposition only. Questions concerning Sears' "belief" of what information the deponent possessed are inappropriate in that they are overly burdensome and insufficiently relevant.

4. The court finds interrogatories 5–7, regarding Sears' expert witnesses, overly burdensome and insufficiently relevant, except for question 6(a), regarding identification of services provided by The Roper Organization.

5. The court finds that EEOC may discover, for each Datalab, Inc. invoice, the services to which the invoice per-

23. In addition to the reasons set forth in the text, *supra,* the court so limits EEOC's cost discovery in order to prevent discovery from becoming overly burdensome and to avoid the production of irrelevant information. Also, the court finds that, in a case involving as many documents as this one, the description of the document, and the fact that it was or was not used at trial, will demonstrate the document's relevancy. Only where a bona fide question regarding an individual document's relevancy arises, will the court require the parties to elaborate the relevancy of the individual document and identify where it appears in the record of the case.

tains. However, the court finds the detail EEOC requests in interrogatory 8 overly burdensome and insufficiently relevant.

6. EEOC may discover the travel and subsistence expenses of Sears' expert witnesses. The court finds interrogatory 9 appropriate as worded.

7. The court finds interrogatory 10, regarding coding and keypunching expenses for each variable, overly burdensome and insufficiently relevant.

8. Regarding costs for exemplification and copies, the court finds the following EEOC interrogatories appropriate:

a. 11(a), with insertion of the word "reasonably" (i.e., "a reasonably itemized listing...."); 11(f); 11(g), the first phrase only (i.e., "whether any of the copies were used at trial;");

b. 12(a), with insertion of the word "reasonably" (*See supra* "8(a)"); 12(b); 12(d); 12(f); 12(g), the first phrase only (*see supra* "8(a)"); 12(h);

c. 13–16;

d. 17(a) and (b), and the first phrase only of 17(c) (i.e., "whether the end results of the project were used at trial.");

e. 18(a) and (b) only;

f. 19;

g. 20(a), 20(b)(i)–(iii), and the first phrase only, as modified by the court, of 20(b)(iv) (i.e., "whether the item was used at trial;");

h. 22, except for the last phrase (i.e., "and state whether it was used at trial.");

i. 23(a) and (b), and the first phrase only of 23(c) (i.e., "whether the material was presented at trial."); and

j. 24–25.

The court finds all of EEOC's other interrogatories regarding copies and exemplification overly burdensome and insufficiently relevant and so sustains Sears' objections to same.

### Conclusion

For the reasons, and in the manner, set forth above, the court limits Sears' dis-

covery on attorneys' fees entitlement, and EEOC's discovery with regard to Sears' Bill of Costs. The court sets the cut-off for discovery on costs and attorneys' fees for July 30, 1986. The court orders EEOC to file its brief on Sears' Bill of Costs on or before August 21, 1986, and Sears to file its brief in support of the Bill of Costs on or before September 15, 1986. With regard to the motion for attorneys' fees, the court orders Sears to file its supplemental brief by August 14, 1986, and EEOC to file its supplemental brief by August 28, 1986.