**COPPERWELD STEEL COMPANY,**
Appellant in No. 79–1799,

v.

**DEMAG–MANNESMANN–BOHLER,** Demag Stranggiess-Technik GmbH, Demag Aktiengesellschaft, Appellants in No. 79–1800.

Nos. 79–1799, 79–1800.

United States Court of Appeals,
Third Circuit.

Argued Dec. 11, 1979.

Decided May 28, 1980.

David G. Ries (argued), John H. Bingler, Jr., John W. Eichleay, Jr., Thorp, Reed & Armstrong, Pittsburgh, Pa., for appellants.

G. Richard Gold (argued), Frank L. Seamans, William B. Mallin, William M. Flynn, Eckert, Seamans, Cherin & Mellott, Pittsburgh, Pa., for appellees.

Before ALDISERT, HUNTER and HIGGINBOTHAM, Circuit Judges.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge:

In 1915, well before the advent of the Federal Rules of Civil Procedure and the liberal policy on awarding costs which they embody, this court held that "a rule of court, or a practice equivalent thereto, is needed to justify the taxation [of premiums paid for posting a bond]." *The Texas*, 226 F. 897, 905 (3d Cir. 1915). However, the court also stated that "such a rule or practice has become so desirable that we feel confident the court below will take an early opportunity to conform its procedure in this respect to the custom prevailing in other districts." *Id.* After nearly sixty-five years we are forced to admit that the court's confidence appears to have been misplaced.

Today we are required to decide whether, given both the passage of time and the adoption of the Federal Rules of Civil Procedure which embody a liberal policy on awarding costs to the prevailing party, *The Texas* still prevents a district court in this circuit, in the absence of a local rule or practice, from, in its discretion, awarding costs for the posting of a bond. We hold that it does not.

I

Copperweld Steel Company ("Copperweld"), a Pittsburgh based corporation which produces high quality carbon and alloy steel, entered into a contract with Demag-Mannesmann-Bohler, Demag-Stranggiess-Technik GmbH, and Demag-Aktiengesellschaft (collectively "Demag"), German corporations which design and manufacture steel making facilities, under which Demag agreed to design and supply Copperweld with facilities which would allow Copperweld to shift from ingot to continuous casting in the production of steel billets. Over time, problems arose with the continuous casting facilities and Copperweld brought suit against Demag alleging (1) breach of contract, (2) negligent design and manufacture, (3) negligent misrepresentation, and (4) fraudulent misrepresentation. At trial, the district court directed a verdict against Copperweld on the claim of fraudulent misrepresentation and entered judgment on the jury's verdict against Copperweld on all the other claims. We affirmed. *Copperweld Steel Co. v. Demag-Mannesmann-Bohler*, 578 F.2d 953 (3d Cir. 1978).

Thereafter, the district court issued a memorandum opinion and order awarding Demag $32,363.59 for costs associated with depositions, service of process, witnesses, trial transcripts, and duplication and exhibits. The court, however, declined to award $21,309.15, stipulated by the parties to be

the cost of premiums paid by Demag for a letter of credit used to secure a bond obtained to dissolve foreign attachments of funds due Demag, on the ground that it did not have the power to do so. Demag appeals from the denial of costs associated with securing the bond and Copperweld cross-appeals from the award of trial costs. We will vacate that portion of the district court's order denying costs associated with securing the bond and remand to the district court to allow the court to exercise its discretion as to whether to award such costs. We will, in all other respects, affirm the order of the district court.

## II

■ Under the English system, the prevailing party is completely reimbursed for all reasonable expenses associated with trial including attorneys fees and expenses incurred in preparation for trial. Under the American system, however, reimbursement is, as a general rule, more limited. *See, e. g., Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *Fleischmann Distilling Corp. v. Maier Brewing Co.,* 386 U.S. 714, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967).

■ Rule 54 of the Federal Rules of Civil Procedure, which defines the power of federal district courts to award costs, provides in relevant part:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs.

Fed.R.Civ.P. 54(d). Under Rule 54, the determination of which costs will be awarded to the prevailing party is a matter left to the sound discretion of the district court. *Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964). Although that discretion is not unbounded it allows the district court a wide range within which its determination will not be upset by an appellate court. This is properly so since it is the district court's direct experience with the case which provides, in large part, the basis upon which the court decides which costs to allow.

■ We believe that the limitation which *The Texas* placed on the district court's exercise of discretion in determining which costs to allow is not compatible with the approach embodied in Rule 54. Accordingly, we hold that the rule of *The Texas* which provides that, in the absence of a local rule or practice authorizing the taxation of premiums for posting a bond, district courts in this circuit are not free to award such costs does not survive the adoption of the Federal Rules of Civil Procedure. In the future, district courts in this circuit may, in their discretion, decide whether to award costs incurred in posting a bond. *See e. g., Rosenfield v. Kay Jewelry Stores, Inc.,* 400 F.2d 89 (10th Cir. 1968); *In re Northern Indiana Oil Co.,* 192 F.2d 139 (7th Cir. 1951).

## III

■ Cross-appellant Copperweld contends that the district court abused its discretion in awarding Demag certain costs associated with depositions, duplication of documents, and witnesses. Although, as we have stated, the discretion of the district court in determining which costs will be awarded to the prevailing party is not unlimited, we are satisfied that the court acted well within the bounds of its discretion in awarding costs to Demag.

## IV

We will vacate that portion of the district court's order denying costs associated with securing the bond and remand to the district court to allow the court to exercise its discretion as to whether to award such costs. We will, in all other respects, affirm the order of the district court.