**WOMEN'S FEDERAL SAVINGS AND LOAN ASSOCIATION OF CLEVELAND, an Ohio corporation and Federally Chartered Savings and Loan Association, Plaintiff,**

v.

**NEVADA NATIONAL BANK, a Nevada and National Banking Corporation, Defendant.**

No. CV–R–82–360–ECR.

United States District Court,
D. Nevada.

Dec. 6, 1985.

---

Sala, McAuliffe, White & Long, by Jack I. McAuliffe, Reno, Nev., for plaintiff.

Gary M. Nelson, Reno, Nev., for defendant.

## ORDER

EDWARD C. REED, Jr., District Judge.

On April 23, 1985, judgment was entered in favor of the plaintiff in the sum of $3,918.63, together with costs. A memorandum of costs and disbursements was filed and served timely by the plaintiff. It itemized four types of taxable costs (docket fee, service fees, deposition costs and witness fee) and contained the affidavit of the plaintiff's attorney stating that the items were correct and that the costs had been necessarily incurred.

The defendant objected to the plaintiff's memorandum on the ground that the defendant had served an offer of judgment on the plaintiff on November 15, 1984. The offer was to allow judgment to be taken against the defendant in the sum of $5,000, together with taxable costs. The plaintiff did not accept the offer of judg-ment and the judgment it obtained was not more favorable than the offer. The offer had been made pursuant to Fed.R.Civ.P. 68, which provides that in such a case "the offeree must pay the costs incurred after the making of the offer." Because the plaintiff's memorandum did not specify the dates that the various costs were incurred, the defendant contended that the Clerk of Court could not properly tax any costs. The defendant also argued that this defect made the whole memorandum ineffective, so that it should be held that the plaintiff had not filed its memorandum of costs and disbursements within the ten days after notice of entry of judgment allowed by Rule 20(a) of the Local Rules of Practice.

In its reply to the defendant's objections, the plaintiff acknowledged that it could not recover those costs incurred subsequent to the November 15, 1984, date of the offer of judgment because of Fed.R.Civ.P. 68. The plaintiff represented, however, that only the service fees and witness fee items in his memorandum were incurred after that date. The docket fee ($60.00) and deposition costs ($1,576.10) had been incurred before the offer of judgment, the plaintiff stated.

In a minute order filed May 22, 1985, the Court noted that the local practice was for a "Bill of Costs" form provided by the Clerk to be used in place of a memorandum of costs and disbursements. In the order, the Court deemed the plaintiff's memorandum to be a "Bill of Costs," and directed the Clerk to tax costs. On May 31, 1985, the Clerk taxed the $60.00 docket fee, but disallowed the deposition costs "due to the failure of counsel to provide any itemization or documentation in support." The local "Bill of Costs" form asks that documentation be furnished.

A timely motion to retax costs (request for review) was filed by the plaintiff. It argues that neither Fed.R.Civ.P. 54(d) nor Local Rule 20 requires a documentation of costs. Local Rule 20(a) merely calls for "an itemized schedule of the costs and a statement signed by the attorney for the applicant that the schedule is correct and

that the costs were necessarily incurred." Fed.R.Civ.P. 54(d) does not specify how an application for costs is to be substantiated. The plaintiff insists that it had complied with the applicable rules. Nevertheless, it attached dated itemized receipts from reporting firms establishing the $1,576.10 (actually $1,576.20) deposition expenses it had incurred prior to the date of the offer of judgment.

Thereupon, the defendant moved to strike the attached receipts on the ground that Local Rule 20(c) specifies, as to requests for Court review of the Clerk's taxation of costs: "Appeals shall be heard upon the same papers and evidence submitted to the clerk." Since the receipts were not submitted to the Clerk, the plaintiff urges that the Court shouldn't consider them.

In addition, the defendant has opposed the plaintiff's motion to retax costs on the basis that the deposition costs are not taxable. In the defendant's view, costs for depositions that were not introduced into evidence or used for impeachment at the trial may not be recovered as taxable costs. In reply, the plaintiff has pointed out that six depositions were either admitted into evidence or used for the purposes of impeachment or refreshment of witnesses' memories during the trial. The costs attendant to those six depositions have been documented to total $1,192.25 (out of the $1,576.10 asked for).

Fed.R.Civ.P. 54(d) specifies that "... costs shall be allowed as of course to the prevailing party unless the court otherwise directs...." While this does allow the exercise of discretion, the wording has been held to raise a presumption that the prevailing party is entitled to costs; the presumption can be overcome only by a showing of reasons why the prevailing party should be penalized by a denial of costs. *Popeil Brothers, Inc. v. Schick Electric, Inc.*, 516 F.2d 772, 776 (7th Cir.1975); *True Temper Corp. v. CF & I Steel Corp.*, 601 F.2d 495, 509 (10th Cir.1979). No reason (e.g., abuse of discovery procedures, vexatious delay of the case, bad faith) has been

shown why the plaintiff herein should be penalized by a denial of costs.

The same reasoning supports an exception being made in this case for the plaintiff's failure to know about and use the local "Bill of Costs" form. Not only Local Rule 20(a), but also 28 U.S.C. § 1924, specifies that the prevailing party's attorney shall verify the bill of costs by an affidavit declaring that the items therein are correct and necessarily incurred. *See also* 10 Wright, Miller & Kane § 2679 at p. 393; *Mason v. Belieu*, 543 F.2d 215, 222 (D.C.Cir.1976). The plaintiff has complied with all these written requirements and, in addition, the Court actually ruled that his memorandum of costs and disbursements should be deemed a "Bill of Costs." The receipts, which the Clerk did not have before her when she taxed costs, do document and confirm the representations contained in the affidavit of the plaintiff's counsel. Under these circumstances, the Court chooses to consider the receipts in deciding the motion to retax costs.

In order for expenses of depositions to be taxable as costs, those depositions must have been "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Actual introduction or admission into evidence at trial is not a prerequisite for allowance. *Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237, 1243 (7th Cir.1985). If a deposition is necessary for a party's preparation for trial, its costs may be taxed. *Marcoin, Inc. v. Edwin K. Williams & Co., Inc.*, 88 F.R.D. 588, 592 (E.D.Va.1980). That is not true where the deposition was taken merely for the convenience of the attorney. *Hudson* at p. 1243. The determination of necessity is made in light of the facts known at the time of the deposition. *Id.*

Using the foregoing guidelines, the expenses incident to the deposition of Richard Prayson should be allowed as costs. He was general counsel of the plaintiff and made a trip from Cleveland to Reno specifically in connection with the Loan Participation Agreement between the

parties. At the time of the taking of his deposition, it certainly was reasonable to think a copy thereof would be necessary for the plaintiff's preparation for trial. The same cannot be said of the expenses of the depositions of Margaret Scheid ($160.90), Laura E. McKinney ($101.25) and Lenny See ($83.50). The burden is on the prevailing party to show that a deposition was necessarily obtained for use in the case. *Hiller v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 60 F.R.D. 87, 91 (N.D.Ga.1973). The plaintiff has not sustained its burden as to Ms. Scheid, Ms. McKinney and Mr. See.

IT IS, THEREFORE, HEREBY ORDERED that costs be retaxed to allow the plaintiff to recover the following expenditures:

(a) Docket fee of $60.00; and

(b) Expenses incident to the depositions of James J. Auletta ($182.00), George Aker ($278.00), John E. Cavanaugh ($278.05), Richard Martucci ($193.00), Russ Bowring ($234.80) and Thomas Westropp ($26.40), which subtotal $1,192.25.

IT IS FURTHER ORDERED that the Clerk of Court include the above-detailed sum of $1,252.25 in the judgment as costs allowed to the plaintiff.