**NUGGET DISTRIBUTORS COOPERATIVE OF AMERICA, INC., d/b/a Nugget Distributors, Inc., Plaintiff,**

v.

**MR. NUGGET, INC., Defendant.**

**Civ. A. No. 89–8780.**

United States District Court,
E.D. Pennsylvania.

Oct. 21, 1992.

See also 776 F.Supp. 1012.

Bruce A. McDonald, Washington, DC and Alan M. Black, Allentown, PA, for plaintiff.

Stanley H. Cohen, Philadelphia, PA, for defendant.

### ORDER

HUYETT, District Judge.

Upon consideration of plaintiff's motion for costs, defendant's response, the parties' supplemental briefing and because:

1. Plaintiff Nugget Distributors Cooperative of America, Inc. d/b/a Nugget Distributors, Inc. petitions the Court for an award of costs in the amount of $41,997.75 pursuant to the entry of judgment against defendant Mr. Nugget, Inc. on all counts of plaintiff's amended complaint.

2. Plaintiff seeks an award of costs pursuant to Section 35(a) of the Lanham Act, which provides for an award of "costs of the action" to a party who establishes a violation of the Act in a civil action. 15 U.S.C. § 1117(a). Plaintiff argues that under Fed.R.Civ.P. 54, the determination of which costs will be awarded to a prevailing party is a matter left to the sound discretion of the district court. *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964); *Copperweld Steel Co. v. Demag–Mannesmann–Bohler*, 624 F.2d 7 (3d Cir.1980). Plaintiff acknowledges that the types of costs allowable under Rule 54(d) are specifically defined in 28 U.S.C. § 1920, but argues that that list is "not intended to be all-inclusive and is expandable unless a statute or rule dictates otherwise." *Pennsylvania v. Local Union 542, International Union of Operating Engineers*, 507 F.Supp. 1146, 1153 (E.D.Pa.1980).

3. Defendant objects to plaintiff's claim for costs because (1) plaintiff is attempting to recover all of its out-of-pocket expenses rather than recoverable costs under 28 U.S.C. §§ 1821 and 1920, and (2) many of the submitted expenses are insufficiently itemized. Defendant contends that in *Farmer*, the Supreme Court enunciated the national policy that the discretion given the district court to tax costs should be sparingly exercised.

4. Trial courts are vested with the sound discretion to allow and to apportion costs under Federal Rule of Civil Procedure 54(d). *Farmer*, 379 U.S. at 232, 85 S.Ct. at 415. Although this discretion is not unbounded, it allows the district court a wide range within which its determination will not be upset by an appellate court. *Copperweld Steel*, 624 F.2d 7. The types of costs allowable under Rule 54(d) are explicitly defined in 28 U.S.C. § 1920. However, plaintiff is correct in contending that this list is not intended to be all-inclusive and is expandable unless a statute or rule dictates otherwise. *Local Union 542*, 507 F.Supp. at 1152.

5. In exercising its discretion to depart from the expenses listed in the statute, however, the district court must give careful scrutiny to the costs claimed by the

prevailing party and exercise its discretion sparingly with reference to expenses not specifically allowed by statute. *Farmer*, 379 U.S. at 235, 85 S.Ct. at 415; *Walker v. Robbins Hose Co. No. 1, Inc.*, 622 F.2d 692, 694 (3d Cir.1980). The Supreme Court has explicitly held that Rule 54(d) does not give the district court unrestrained discretion to tax costs to reimburse a winning litigant for every expense he incurred. *Id.*

■ 6. In light of the Supreme Court's demand that the district court "carefully scrutinize" those costs which the statute does not specifically authorize, I will take the following actions regarding plaintiff's specific claims:

### (a) *Filing Fee and Fees for Unpublished Opinions*

Section 1920 authorizes the award of costs for "fees of the clerk and marshall." 28 U.S.C. § 1920(1). This language clearly encompasses the filing fee of $120.00 claimed by plaintiff. *Pennsylvania v. O'Neill*, 431 F.Supp. 700 (E.D.Pa.1977), *aff'd*, 573 F.2d 1301 (3d Cir.1978).

■ Under this heading, plaintiff also claims a charge of $104.50 for obtaining a copy of a district court decision from the court and a $13.00 charge for obtaining copies of decisions from the Third Circuit. These charges are denied for two reasons. First, plaintiff makes no claim that the fees paid for these opinions were paid to the clerk or marshall, as the statute requires. Second, even if these charges were paid to the clerk, they hardly represent the fees envisioned by the statute. Obtaining copies of cases is a facet of research, an activity which is not taxable to the losing litigant.

### (b) *Photocopies and Scanning*

■ Fees for exemplification and copies of papers necessarily obtained for use in the case are specifically taxable under § 1920(4). Under this section, plaintiff's claims for the costs of photocopies are tax-able. *Action Alliance for Senior Citizens of Greater Philadelphia, Inc. v. Shapp*, 74 F.R.D. 617 (E.D.Pa.1977). However, a close examination of plaintiff's claim reveals that its photocopying costs in this case were exorbitant. Plaintiff claims a total charge of at least $4,300.00 for copies—a figure representing a $.25 charge for at least 17,000 copies. Because these figures are clearly excessive, and because they are often lumped together with other costs, I will reduce the amount awarded as photocopying costs by 50%. *Proffitt v. Municipal Authority of Borough of Morrisville*, 716 F.Supp. 837, 854 (E.D.Pa.1989) (court found copy costs excessive and reduced award for copies by 50%).

■ In addition to photocopying charges, plaintiff requests reimbursement for scanning costs. As this service appears to be merely an office convenience and overhead expense—and plaintiff fails to argue otherwise—this charge will be denied.

### (c) *Fees for Copies of Trademark Registration*

■ Plaintiff claims $1,625.00 in costs arising from the acquisition of certain trademark registrations from the U.S. Patent and Trademark Office. This cost is recoverable under § 1920(4), covering "fees for exemplification...." However, defendant objects to the size of this fee, because under 37 CFR § 2.6(b)(4)(i), the cost of obtaining such a registration is normally only $10.00 (or $20.00 for rush service), and only three (3) registrations were pleaded in the case.

I find that plaintiff acted reasonably in requesting the registrations by rush service, and further, despite the fact that only three (3) registrations were pleaded, plaintiff reasonably requested many more—thirty nine (39)—in order to establish the chain of title for those registrations. Thus, plaintiff's award of costs should include the cost of obtaining thirty nine (39) registrations at $20.00 each.[1]

---

1. Plaintiff argues that it in fact paid "a multiple" of the normal $10.00 charge per registration because of the rush service. Since plaintiff fails to divulge what that "multiple" was, the Court will assume defendant's figure of $20.00—obtained from 37 CFR § 2.6(b)(4)(i)—is correct.

Finally, plaintiff's claim for $212.00 expended on "supplies purchased for trial preparation" does not constitute a proper expense for exemplification and will be denied.

### (d) *Deposition Expenses*

The costs and expenses incurred in depositions which were reasonably necessary to the preparation of trial are recoverable. *Raio v. American Airlines*, 102 F.R.D. 608, 611 (E.D.Pa.1984). Recoverable costs under this heading include the expense of the court recorder and transcript service. *Action Alliance for Senior Citizens v. Shapp*, 74 F.R.D. 617 (E.D.Pa.1977); *Harrisburg Coalition Against Ruining the Environment v. Volpe*, 65 F.R.D. 608, 610 (M.D.Pa.1974). However, the prevailing view is that travel expenses of counsel in attending depositions are ordinarily not taxed as costs. *See generally* 10 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2676 (2d ed. 1983) and cases cited therein.

Therefore, I will award plaintiff the costs of court reporter service and transcripts, but I will deny the costs of plaintiff's counsel's travel in attending these depositions. Finally, plaintiff's request for reimbursement of the additional cost of obtaining depositions on ASCII disks are denied. This cost is clearly duplicative of the cost of obtaining a regular transcript, and further, is merely for the convenience of counsel. *See Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964) (additional cost of obtaining transcript overnight denied because it was simply for counsel's convenience).

### (e) *Transportation, Food & Lodging of Witnesses*

Section 1821 of 28 U.S.C. provides for reimbursement of witness' costs pursuant to § 1920. Specifically, the statute authorizes an attendance fee of $40.00 per day (subsection b), reasonable costs of transportation by common carrier (subsection c), and a subsistence allowance when an overnight stay is required (subsection d). The subsistence allowance is currently $75.00, as prescribed by the Administrator of General Services pursuant to 5 U.S.C. § 5702(a).

Plaintiff's claims for witness expenses range from $352.27 to $1,823.09 per witness, sums that are hardly surprising considering they represent costs of travel across the country. Although plaintiff fails to break down each witness' expenses, plaintiff does contend that each witness' travel costs were within the guidelines of § 1821(c), which requires travel by common carrier at the most economical rate reasonably available. I will award plaintiff's costs for witness' transportation, food and lodging because they are reasonable and fall within the purview of the statutory authorization of § 1821.

### (f) *Telephone, Fax, Telex, Postage, Delivery Services, and Secretarial Overtime*

Nothing in § 1920 even remotely authorizes plaintiff's claims for telephone, fax, telex, postage, delivery service and secretarial overtime expenses. Plaintiff cites various published and unpublished opinions to support its claims for these costs, but after careful scrutiny, I have found that these cases do not support plaintiff's claims. In *Northcross v. Board of Education*, 611 F.2d 624 (6th Cir.), *cert. denied*, 447 U.S. 911, 106 S.Ct. 2999, 3000, 64 L.Ed.2d 862 (1979) and in *Midnight Sessions, Ltd. v. Philadelphia*, 755 F.Supp. 652 (E.D.Pa.1991)—the two cases upon which plaintiff's unpublished opinions relied—the awards of costs were pursuant to civil rights legislation which encompasses a broader concept of expenses than the enumerated costs allowed under § 1920.

I find no compelling reason to expand plaintiff's award under § 1920 to include charges for telephone calls, fax machines, postage, delivery and secretarial overtime. Therefore, I will deny these costs.

### (g) *Computer Assisted Legal Research*

The cost of research is not enumerated as a taxable cost under § 1920, whether manual or by computer. Despite this omission, plaintiff argues that it should be awarded as a taxable cost because it is certainly reasonable, if not essential, in

contemporary research. Plaintiff cites only one published opinion to support this proposition, *Wehr v. Burroughs Corp.*, 619 F.2d 276 (3d Cir.1980). In *Wehr*, however, the court was again awarding costs pursuant to more encompassing legislation, the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., and not under the stricter limits of § 1920. The cost of legal research—manual or computerized—is a facet of an attorney's fee. I will therefore deny this cost.

### (h) *Expert Witness Fees*

 The Supreme Court has recently addressed the propriety of awarding expert witness fees pursuant to 28 U.S.C. § 1920 and held that absent explicit contract or statutory authority to award more, the district court is bound by the limits of § 1821(b) in awarding expert witness fees. *West Virginia University Hospitals, Inc. v. Casey,* — U.S. —, —, 111 S.Ct. 1138, 1140, 113 L.Ed.2d 68 (1991) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987)). Clearly, the statute under which plaintiff claims a right to costs—the Lanham Act—does not provide explicit authority to award expert witness fees as costs. Thus, plaintiff's award for reimbursement of the fees paid to its two experts is limited to the witness fee authorized in 28 U.S.C. § 1821(b), which is $40.00.

### (i) *Miscellaneous Costs*

Those expenses for which plaintiff has not provided an adequate description of the cost will be denied. Accordingly, I will not award the $5.00 charges on 4/30/91 and 8/31/90 for "miscellaneous," and the $43.00 charge on 10/31/89 for "outside trademark searches." Finally, plaintiff's requests for travel expenses incurred on 6/12/91, 1/31/91, and 12/31/90 are denied because they fail to identify the traveler and destination.

7. For the reasons stated above, I shall deduct $29,227.74 from the $41,997.75 figure requested by plaintiff. Pursuant to Rule 54(d) and 28 U.S.C. § 1920, I find that plaintiff is entitled to an award of costs totaling $12,770.01.

Accordingly, the Court will GRANT IN PART AND DENY IN PART plaintiff's motion for costs. Defendant shall pay to plaintiff the sum of TWELVE THOUSAND, SEVEN HUNDRED SEVENTY DOLLARS AND ONE CENT.

IT IS SO ORDERED.