## In re MELRIDGE, INC. SECURITIES LITIGATION.

### No. 87–1426–FR.

United States District Court,
D. Oregon.

March 7, 1994.

---

N. Robert Stoll, Gary M. Berne, Cecil B. Strange, Stoll, Stoll, Berne & Lokting, P.C., Portland, OR, Merrill G. Davidoff, John R. Taylor, Berger & Montague, P.C., Philadelphia, PA, for plaintiffs.

Barnes H. Ellis, Joel A. Mullin, Stoel, Rives, Boley, Jones & Grey, Portland, OR, for defendant Boettcher & Co., Inc.

## OPINION AND ORDER

FRYE, District Judge:

The matter before the court is the bill of costs of the plaintiffs (# 2173) filed pursuant to 28 U.S.C. § 1920 and Fed.R.Civ.P. 54(d) in the amount of $302,058.03 against defendants Boettcher & Co., Inc. (Boettcher), George Heublein, Gary M. Wood, and Gordon Flattum.

### CONTENTIONS OF THE PARTIES

Boettcher opposes the amount of the costs sought by the plaintiffs. Boettcher argues that it should be granted an offset of costs equal to the percentage of fault of the settling defendants under *Franklin v. Kaypro Corp.*, 884 F.2d 1222 (9th Cir.1989), *cert. denied*, 498 U.S. 890, 111 S.Ct. 232, 112 L.Ed.2d 192 (1990).

In addition, Boettcher contends that the costs relating to transcripts and interpretor fees should be reduced on the grounds that many of these costs are unrelated to the claims that the plaintiffs brought against Boettcher. Boettcher further argues that the costs sought for demonstrative exhibits, witness fees, and copying are excessive and unreasonable.

The plaintiffs contend that all of the costs sought in the cost bill were reasonable and necessary and should be allowed under 28 U.S.C. § 1920. The plaintiffs explain that they presented a relatively unified set of facts which underlies the entire fraud, and that there is no legal or factual basis for reducing the costs awarded against Boettcher.

### APPLICABLE LAW

Costs are generally awarded to the prevailing party as a matter of course in civil cases, unless the court otherwise directs. Fed.R.Civ.P. 54(d). The court does not have discretion to award whatever costs seem appropriate, but must limit an award of costs to those costs defined in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42, 107 S.Ct. 2494, 2497–98, 96 L.Ed.2d 385 (1987).

### RULING OF THE COURT

The court finds that there is no basis for it to apportion costs under *Kaypro*. The court will award those costs under 28 U.S.C. § 1920 as determined by the court to have been reasonably and necessarily incurred by the plaintiffs in pursuing their cases against Boettcher.

The court further finds that the costs of the plaintiffs relating to transcripts were reasonably and necessarily incurred by them in pursuing their cases against Boettcher. The court finds that the facts related to the overall fraud, and there is no basis for this court to limit the transcript costs to the transcripts of employees of Boettcher and Melridge, Inc. The court will allow the transcript costs and interpreter fees as requested by the plaintiffs.

This was complex and extended litigation. Numerous copies of many documents were required. The court recognizes that it is only in a most unusual case that it would be reasonable and necessary to allow costs for the copying of two extra copies of deposition transcripts. This is a most unusual case. The court finds that the costs requested by the plaintiffs for copying, witness fees, and demonstrative exhibits are not excessive and were reasonably and necessarily incurred in pursuing this litigation against Boettcher.

Costs are awarded in the amount of $302,058.03.

IT IS SO ORDERED.