**Randy D. FREDERICK, Donald V. Morris, and Loren A. Roper, Plaintiffs,**

v.

**CITY OF PORTLAND, Portland Development Commission, Metropolitan Exposition–Recreation Commission, Portland Trail Blazers, Inc., and Oregon Arena Corporation, Defendants.**

Civ. No. 94–40–HA.

United States District Court, D. Oregon.

May 26, 1995.

William F. Hoelscher, Hoelscher & Associates, P.C., Tigard, OR, Barry L. Adamson, Lake Oswego, OR, for plaintiffs.

James H. Van Dyke, Portland, OR, for defendants City of Portland and Portland Development Com'n.

Mark B. Williams, Portland, OR, for defendant Metropolitan Exposition–Recreation Com'n.

Thomas M. Triplett, Schwabe, Williamson & Wyatt, Portland, OR, for defendants Portland Trail Blazers, Inc., and Oregon Arena Corp.

## OPINION and ORDER

HAGGERTY, District Judge:

On March 9, 1995, the court granted summary judgment to the following defendants: (1) the City of Portland ("City"); (2) the Portland Development Commission ("PDC"); (3) the Metropolitan Exposition–Recreation Commission ("MERC"); (4) the Portland Trail Blazers, Inc. ("TBI"); and (5) the Oregon Arena Corporation ("OAC").[1] On March 31, 1995, final judgment was entered. Thereafter, each defendant submitted a bill of costs either independently or jointly with another defendant. The matter now before the court is plaintiffs' objections to defendants' cost bills.[2] For the reasons provided below, the court sustains plaintiffs' objections in part and otherwise awards costs to each

---

1. The City, PDC, MERC, TBI, and OAC will be referred to collectively as "defendants."

2. In response to an April 28, 1995 letter inquiry from Barry Adamson, an attorney for plaintiffs, the court notes that two separate objections to defendants' cost bills were submitted on behalf of

plaintiffs. First, on April 18, 1995, Barry Adamson filed an objection (doc. # 68), and thereafter, on April 20, 1995, William Hoelscher, an attorney for plaintiffs, filed an objection (doc. # 70). The court has considered both of the objections.

defendant pursuant to its respective bill of costs.

## STANDARD

District of Oregon Local Rule 265–3 provides that costs shall be taxed in accordance with Fed.R.Civ.P. 54(d). Federal Rule of Civil Procedure 54(d)(1) provides in pertinent part that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Title 28 U.S.C. § 1920 enumerates those expenses which a federal court may tax as costs under Rule 54(d)(1).[3] *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42, 107 S.Ct. 2494, 2497–98, 96 L.Ed.2d 385 (1987).

■■■ Although a district court possesses broad discretionary power to allow or disallow a prevailing party to recoup the ordinary costs of litigation, the court may not rely on that discretion to tax costs beyond those authorized by § 1920.[4] *Id.; see also Maxwell v. Hapag–Lloyd Aktiengesellschaft*, 862 F.2d 767, 770 (9th Cir.1988) (recognizing that "*Crawford* strictly limits reimbursable costs to those enumerated in § 1920"). Courts, however, are free to construe the meaning and scope of the items enumerated as taxable costs in § 1920. *Alflex Corp. v. Underwriters Lab., Inc.*, 914 F.2d 175, 177 (9th Cir. 1990) (per curiam), *cert. denied*, 502 U.S. 812, 112 S.Ct. 61, 116 L.Ed.2d 36 (1991); *see also West Wind Africa Line, Ltd. v. Corpus Christi Marine Servs. Co.*, 834 F.2d 1232, 1238 (5th Cir.1988) (cited with approval in *Alflex* for the proposition that *Crawford* "limits judicial discretion with regard to the kind of expenses that may be recovered as costs; it does not, however, prevent courts from

interpreting the meaning of the phrases used in § 1920").

## DISCUSSION

### 1. *Defendants Trail Blazers, Inc. and Oregon Arena Corporation*

■■■ On April 7, 1995, TBI and OAC ("TBI/OAC") submitted a joint bill of costs (doc. # 63). Subsequently, on April 27, 1995, these defendants filed an amended cost bill (doc. # 74). Therefore, as a preliminary matter, the court denies as moot the original bill of costs (doc. # 63) submitted by TBI/OAC.

The amended cost bill requests an award of costs totaling $4,138.45. Specifically, TBI/OAC pray for (1) $2,701.95 for fees incurred in obtaining deposition transcripts, (2) $751.50 for photocopying expenses, and (3) $685.00 for charges relating to the use of computerized legal research services, such as LEXIS and Westlaw.

### A. *Deposition Costs*

■■■ Costs related to depositions are generally available to a prevailing party under 28 U.S.C. § 1920. *Washington State Dep't of Transp. v. Washington Natural Gas Co.*, 51 F.3d 1489, 1501–02 (9th Cir.1995). More specifically, fees incurred in obtaining deposition transcripts may be recovered under § 1920(2). *Association of Flight Attendants v. Horizon Air Indus., Inc.*, 976 F.2d 541, 551 (9th Cir.1992); *see also Alflex*, 914 F.2d at 176 n. 3. However, prior to allowing recovery for deposition transcript fees, the court must determine whether the transcript was "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *see also In re*

---

3. 28 U.S.C. § 1920 provides:
 A judge or clerk of any court of the United States may tax as costs the following:
 (1) Fees of the clerk and marshall;
 (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
 (3) Fees and disbursements for printing and witnesses;
 (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
 (5) Docket fees under section 1923 of this title;
 (6) Compensation of court appointed experts, compensation of interpreters, and salaries,

fees, expenses, and costs of special interpretation services under section 1828 of this title.

4. However, courts may augment the inventory of recoverable costs pursuant to explicit statutory or contractual authority. *Crawford*, 482 U.S. at 445, 107 S.Ct. at 2499; *see also West Virginia Univ. Hosp., Inc. v. Casey*, 499 U.S. 83, 87, 111 S.Ct. 1138, 1141, 113 L.Ed.2d 68 (1991) (28 U.S.C. § 1920 is "an express limitation upon the types of costs which, absent other authority, may be shifted by federal courts").

*Melridge, Inc. Sec. Litig.*, 154 F.R.D. 260, 261 (D.Or.1994) (indicating that costs are recoverable if reasonably and necessarily incurred).

 Plaintiffs object to TBI/OAC's request for deposition transcript fees on the ground that these defendants have failed to show that such fees were reasonably and necessarily incurred in pursuit of the instant litigation.[5] The gravamen of plaintiffs' argument concerns the absence of references to deposition testimony appearing in the record.[6] This argument is not well taken. In general, the mere fact that items are neither introduced into evidence nor otherwise become part of the official court record is not determinative of whether that item was reasonably or necessarily obtained for use in the case. *Haagen–Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir.1990) (per curiam) (allowing costs for reproducing documents even though documents not introduced as evidence to support summary judgment motion). This rule of general applicability extends to depositions, in particular, such that the presence of a deposition in the record "is not a prerequisite for finding that it was necessary to take the deposition." *Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237, 1243 (7th Cir.1985), *overruled on other grounds, Provident Bank v. Manor Steel Corp.*, 882 F.2d 258 (7th Cir. 1989); *accord Koppinger v. Cullen–Schiltz & Assocs.*, 513 F.2d 901, 911 (8th Cir.1975); *Women's Fed. Sav. and Loan Ass'n of Cleveland v. Nevada Nat'l Bank*, 108 F.R.D. 396, 398 (D.Nev.1985).

 A deposition need not be absolutely indispensable to justify an award of costs; rather, it must only be reasonably necessary at the time it was taken, without regard to later developments that may even-

tually render the deposition unneeded at the time of trial or summary disposition. *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir.1993); *Viacao Aerea Sao Paulo, S.A. v. International Lease Fin. Corp.*, 119 F.R.D. 435, 439 (C.D.Cal.1988); *cf. Washington State Dep't of Transp.*, 51 F.3d 1489, 1502 ("Disallowance for expenses of depositions not used at trial is within the district court's discretion."). Indeed, in those instances when courts have prohibited the recovery of deposition costs, the prohibition has customarily been predicated on a finding that the deposition was purely investigative in nature or solely for the convenience of counsel. *See Hudson*, 758 F.2d at 1243; *Koppinger*, 513 F.2d at 911; *DiCecco v. Dillard House, Inc.*, 149 F.R.D. 239, 241 (N.D.Ga.1993); *see also Hill v. BASF Wyandotte Corp.*, 547 F.Supp. 348, 352 (E.D.Mich.1982) (concurring, but observing that "[t]he distinction between depositions necessary for use in the case and those obtained merely for an investigatory purpose is a fine one"). Even the costs of a deposition taken for discovery purposes may be taxed, provided that the deposition was reasonably necessary when taken. *Hudson*, 758 F.2d at 1243; *but see Gillam v. A. Shyman, Inc.*, 31 F.R.D. 271, 274 (D.Alaska 1962) (indicating that costs related to discovery depositions are not recoverable because discovery is by definition for counsel's convenience).

 Based upon a review of the record, the court does not conclude that the subject depositions were either purely investigative or merely for the convenience of defense counsel. The court finds not only that TBI/OCA noticed and conducted the depositions with a good faith belief as to their necessity, but also that TBI/OCA made actual use of portions of the acquired testimony. It follows that TBI/OAC reasonably and nec-

---

**5.** Plaintiffs argue that defendants bear the burden of demonstrating that deposition costs were reasonably and necessarily incurred. This argument is misplaced. The Ninth Circuit has reserved ruling on this precise burden of proof question. In *Smith v. Hughes Aircraft Co.*, 22 F.3d 1432 (9th Cir.1994), the Ninth Circuit explicitly stated that "this court has not clearly allocated between the prevailing and losing party the burden of demonstrating whether deposition costs are 'necessarily obtained' under 28 U.S.C. § 1920." *Id.* at 1438. Moreover, in *Smith*, the

Ninth Circuit noted that evidently the rule in certain other circuits is to place the burden on the party opposing the assessment of costs. *Id.*

**6.** Plaintiffs admit that the record is not completely void of references to deposition testimony. Plaintiffs argue instead from the premise that the scarcity of testimonial references evidences that the deposition transcripts were not "necessarily obtained."

essarily incurred the costs of obtaining the deposition transcripts identified in the cost bill. Accordingly, these defendants are entitled to an award of costs for deposition transcripts in the amount of $2,701.95.[7]

### B. *Photocopying Costs*

 Photocopying costs are recoverable to the extent that the copies were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4); *see also Twentieth Century Fox Film Corp. v. Goldwyn*, 328 F.2d 190, 224 (9th Cir.), *cert. denied*, 379 U.S. 880, 85 S.Ct. 143, 13 L.Ed.2d 87 (1964). Plaintiffs object to TBI/OAC's request for photocopying expenses as not reasonably and necessarily incurred. Plaintiffs also object to the request as excessive on its face. I agree that an award of $751.50 for photocopying expenses is not warranted. The court finds that these defendants are entitled to recover photocopying costs in the amount of $232.50 which represents the amount expended in procuring copies of plaintiffs' files from the Bureau of Labor and Industries, as well as the amount reasonably and necessarily expended on copies used in presenting arguments and evidence to the court. The court further finds that the balance of TBI/OAC's request is inappropriate as it represents costs associated with the in-house photocopying of defense counsel. *See Thomas v. Treasury Management Ass'n, Inc.*, 158 F.R.D. 364, 372 (D.Md.1994); *see also McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir.1990); *Roberts v. Charter Nat'l Life Ins. Co.*, 112 F.R.D. 411, 414 (S.D.Fla.1986) ("Copies made for the convenience of counsel are ordinarily not taxable costs.").

### C. *Computerized Legal Research Costs*

 Plaintiffs argue that computerized legal research fees may not be taxed as costs under 28 U.S.C. § 1920. I agree.

Because the costs of conducting computerized legal research are not expressly autho-

rized by § 1920,[8] the court is presumptively precluded from ordering the remuneration of such costs to the prevailing party. *See Crawford*, 482 U.S. at 442, 107 S.Ct. at 2497–98. If, however, computerized legal research fees are implicitly provided for in one of the categories of costs authorized by § 1920, the court may allow recovery for those fees reasonably and necessarily incurred. *See Alflex*, 914 F.2d at 177 (cost of deposition copies "encompassed" by § 1920(2)); *Maxwell*, 862 F.2d at 770 (cost of photographic materials "encompassed" by § 1920(4)).

I do not find that computerized legal research expenses are implicitly authorized by § 1920. I instead agree with the modern jurisprudential trend which treats computerized legal research fees as a component of attorney's fees rather than costs under § 1920. The rationale supporting this trend has been recently explained by the Seventh Circuit:

> The added cost of computerized research is normally matched with a corresponding reduction in the amount of time an attorney must spend researching. Therefore, we see no difference between a situation where an attorney researches manually and bills only the time spent and a situation where the attorney does the research on a computer and bills for both the time and the computer fee. In both cases the total costs are attorney's fees and may not be recovered as 'costs.'

*Haroco, Inc. v. American Nat'l Bank and Trust Co. of Chicago*, 38 F.3d 1429, 1440–41 (7th Cir.1994); *accord Leftwich v. Harris-Stowe State College*, 702 F.2d 686, 695 (8th Cir.1983); *Friedlander v. Nims*, 583 F.Supp. 1087, 1089 (N.D.Ga.1984) ("The substance of the work is legal research; the form of that research, whether with computer or microfilm or books, should not alter that fact, and litigants should not have the option of designating expenses of legal research as costs.");

---

**7.** An ancillary argument raised by plaintiffs—namely, that because the factual information discovered at the subject depositions did not ultimately prove to be pivotal to defendants' legal arguments, the deposition costs must be deemed unreasonable and unnecessary—fails for reasons akin to those noted in the text.

**8.** In fact, "[t]here is no statutory provision authorizing the recovery of costs for computer assisted legal research." *Equal Employment Opportunity Comm'n v. Sears, Roebuck and Co.*, 111 F.R.D. 385, 394 (N.D.Ill.1986).

*see also* J. Moore et al., Moore's Federal Practice ¶ 54.77[8] (2d ed. 1986) ("[c]omputer research is generally treated as a lawyer's cost and not taxable as ordinary costs").

This court joins myriad other courts in holding that computer-aided research expenses are not recoverable under § 1920. *See e.g. Parker v. City of Nashua,* No. Civ. 91–407–SD, 1995 WL 73337, at *4 (D.N.H. Feb. 23, 1995); *Shillinglaw v. System Works, Inc.,* No. 1:93–cv–66–RHH, 1994 WL 11728, at *1 (N.D.Ga. Jan. 11, 1994); *Nolfi v. United States,* No. 91–4949, 1992 WL 186982, at *10 (E.D.Pa. July 28, 1992); *Allen v. Freeman,* 122 F.R.D. 589, 592 (S.D.Fla.1988); *cf. Guinasso v. Pacific First Fed. Sav. and Loan Ass'n,* 100 F.R.D. 264, 265 (D.Or.1983) (disallowing computerized legal research costs, but intimating that such costs might be allowable under special circumstances). This court is cognizant that courts have not uniformly adopted a rule proscribing the recovery of such expenses. *See Timberland Design Inc. v. Federal Deposit Ins. Corp.,* 745 F.Supp. 784, 790 (D.Mass.1990), *aff'd,* 932 F.2d 46 (1st Cir.1991). Generally, however, in those cases in which courts have awarded computer-related research costs, the award has been made pursuant to legislation which encompasses a broader concept of costs than the enumerated costs allowable under § 1920. *See e.g. Pitchford Scientific Instruments Corp. v. Pepi Inc.,* 440 F.Supp. 1175 (W.D.Pa.1977) (antitrust case in which court awarded costs pursuant to 15 U.S.C. § 15), *aff'd without opinion,* 582 F.2d 1275 (3d Cir. 1978), *cert. denied,* 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 242 (1979); *Wehr v. Burroughs Corp.,* 619 F.2d 276 (3d Cir.1980) (age discrimination in employment case in which court awarded costs pursuant to 29 U.S.C. § 621 *et seq.*); *Robinson v. Ariyoshi,* 703 F.Supp. 1412, 1436–37 (D.Haw.1989) (civil rights case in which court awarded costs pursuant to 42 U.S.C. § 1988), *rev'd on other grounds,* 933 F.2d 781 (9th Cir.1991); *Levka v. City of Chicago,* 107 F.R.D. 230 (N.D.Ill. 1985) (costs awarded pursuant to 42 U.S.C. § 1988); *United Nuclear Corp. v. Cannon,* 564 F.Supp. 581 (D.R.I.1983) (costs awarded pursuant to 42 U.S.C. § 1988).

As a final matter, although TBI/OAC cite two cases, *Wehr,* 619 F.2d 276 and *O'Donnell v. Georgia Osteopathic Hosp., Inc.,* 99 F.R.D. 578 (N.D.Ga.1983), to support the proposition that computerized legal research fees may be taxed as costs under § 1920, I find neither case persuasive. First, the *O'Donnell* court's rationale for awarding computerized legal research expenses has been unequivocally rejected by two courts which found that such expenses should properly be construed as attorney's fees, not costs. *See Friedlander,* 583 F.Supp. at 1089; *Fressell v. AT & T Technologies, Inc.,* 103 F.R.D. 111, 113 (N.D.Ga.1984). Second, "the *Wehr* court focused on the reasonableness of the use of computerized legal research rather than the characterization of such fees as attorney's fees or costs." *Roberts,* 112 F.R.D. at 413. Third, as noted above, the *Wehr* court was "awarding costs pursuant to more encompassing legislation, the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.,* and not under the stricter limits of § 1920." *Nugget Distribs. Coop. of Am., Inc. v. Mr. Nugget, Inc.,* 145 F.R.D. 54, 59 (E.D.Pa. 1992). Lastly, both *Wehr* and *O'Donnell* were decided before the Supreme Court narrowly defined the parameters of recoverable costs in *Crawford.*

In light of the above, the court excludes the $685.00 claim for computerized legal research fees.

### D. Calculation

In sum, TBI/OAC's bill of costs (doc. # 74) is granted to the extent that this court awards these defendants costs in the amount of $2,934.45.

### 2. Defendant Metropolitan Exposition–Recreation Commission

On April 10, 1995, MERC submitted a bill of costs (doc. # 65) requesting an award of $1,472.52 for costs associated with the taking of certain depositions. As indicated above, deposition costs are recoverable under § 1920.

The only objection raised by plaintiffs is that these costs were not reasonably and necessarily incurred by MERC in pursuing the instant case. I disagree. Based upon a review of the record and for reasons analo-

gous to those prompting the court to award deposition costs to TBI/OAC, I find that the deposition costs identified in MERC's bill of costs were reasonably and necessarily incurred. Accordingly, MERC's bill of costs (doc. # 65) is granted in its entirety. MERC is awarded costs in the amount of $1,472.52.

### 3. Defendants City of Portland and Portland Development Commission

On April 21, 1995, the City and PDC ("City/PDC") filed a joint amended bill of costs (doc. # 71) seeking an award of costs totaling $1,520.77. Specifically, City/PDC request (1) $1,492.52 for costs associated with and incident to the taking of certain depositions, and (2) $28.25 for hand delivery charges.

### A. Deposition Costs

Plaintiffs object to City/PDC's request for deposition costs. Plaintiffs again contend that none of the claimed deposition costs were reasonably and necessarily incurred. I again disagree. Based upon a review of the record and for reasons comparable to those previously mentioned, I find that the costs related to the identified depositions were reasonably and necessarily incurred. Consequently, these defendants are entitled to deposition costs in the amount of $1,492.52.

### B. Delivery Costs

■ District of Oregon Local Rule 265–3 states that "[a]bsent an objection, any item listed in the cost bill may be taxed." This court is mindful that despite the permissive language of Local Rule 265–3, that rule may not be read so as to enlarge the spectrum of recoverable costs outlined by the Supreme Court in *Crawford*. *See Alflex*, 914 F.2d at 176 (recognizing that the Court in *Crawford* held, in part, "that courts do not have discretion ... to tax whatever costs seem appropriate"). Moreover, "[i]tems proposed by winning parties as costs should always be given careful scrutiny." *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964). Accordingly, notwithstanding the absence of any objection, it is incumbent upon this court to determine whether the requested delivery charges fall within any of the categories of permissible costs under § 1920.

■ Because City/PDC have failed to elaborate on the precise nature of the charges in question, the court is unable to conclusively determine whether the $28.25 claim for hand delivery charges is allowable. These defendants are therefore ordered to either file supplemental documentation sufficient to enable the court to resolve this issue or to notify the court in writing that the $28.25 claim for hand delivery charges is being withdrawn. City/PDC must comply with this alternative order no later than June 6, 1995.

■ The court notes, by way of edification, that if the subject hand delivery charges are in essence fees related to either messenger services or courier services, the claim will be denied. Such fees are not mentioned in § 1920 and are routinely excluded as taxable costs. *See e.g. Thomas*, 158 F.R.D. at 372; *Nugget Distribs.*, 145 F.R.D. at 58 (nothing in § 1920 "even remotely" authorizes a claim for delivery service); *Corsair Asset Management, Inc. v. Moskovitz*, 142 F.R.D. 347, 351 (N.D.Ga.1992).

### C. Calculation

In sum, City/PDC's bill of costs (doc. # 71) is granted to the extent that these defendants are awarded costs in the amount of $1,492.52.

### CONCLUSION and ORDER OF THE COURT

For the reasons provided above, TBI/OAC's cost bill (doc. # 63) is denied as moot, TBI/OAC's amended cost bill (doc. # 74) is granted in the amount of $2,934.45, MERC's cost bill (doc. # 65) is granted in the amount of $1,472.52, and City/PDC's cost bill (doc. # 71) is granted in the amount of $1,492.52. City/PDC is further ordered to submit the information requested by the court no later than June 6, 1995.

IT IS SO ORDERED.