NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 12-1718

JAMES KNOX,
Appellant

v.

QUEST DIAGNOSTICS, INC.;
CRANSTON/DOTTIN BIO-MEDICAL LABORATORIES INC.

Appeal from the United States District Court
for the District of the Virgin Islands
(Civ. No. 3-06-cv-00097)
District Judge: Hon. Curtis V. Gomez

Submitted pursuant to Third Circuit LAR 34.1(a)
Tuesday, April 23, 2013

Before: McKEE, Chief Judge, SCIRICA and VANASKIE, Circuit Judges

(Opinion filed:  June 11, 2013)

OPINION

McKEE, Chief Judge.

James Knox appeals the District Court's grants of summary judgment in favor of

Quest Diagnostics, and Cranston/Dottin Bio-Medical Laboratories, Inc.  For the reasons

that follow, we will affirm.[1]

---

[1] We exercise plenary review over grants of summary judgment and orders denying a motion for remand.  *See Fed. Home Loan Mortg. Corp. v. Scottsdale Ins. Co.,* 316 F.3d 431, 443 (3d Cir. 2003); *Werwinksi v. Ford Motor Co.*, 286 F.3d 661, 665 (3d

As we write primarily for the parties, who are familiar with the facts and procedural history of this case, we will set forth only those facts necessary to our analysis.

Knox's central argument is that his complaint was based exclusively on state law claims, and that it merely referenced provisions of the FCRA that do not provide a federal cause of action. Thus, Knox contends that the District Court erred both in denying his second motion for remand and in exercising jurisdiction over defendants' motion for summary judgment. We disagree.

A federal court has original jurisdiction over a cause that arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Knox explicitly asserted a federal claim in his complaint when he alleged that the "defendants violated provisions of the Fair Credit Reporting Act and [are] liable to plaintiff under 15 U.S.C. 1681o." App. 17. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 430 (7th Cir. 2009). In addition, section 1681o of the FCRA provides a private right of action. *See Cushman v. Trans Union Corp.*, 115 F.3d 220, 223 (3d Cir. 1997). Thus, the District Court properly denied Knox's first motion for remand and correctly exercised jurisdiction over the defendants' motions for summary judgment.[2]

Cir. 2002). We assess the record using the same summary judgment standard used by district courts. *See Farrell v. Planters Lifesavers Co.,* 206 F.3d 271, 278 (3d Cir. 2000).

[2] Knox makes several additional arguments concerning judicial bias and attorney's fees that do not merit comment. *See United States v. Antar*, 53 F.3d 568, 574 (3d Cir. 1995); *Copperweld Steel Co. v. Demag-Mannesmann-Bohler*, 624 F.2d 7, 9 (3d Cir. 1980) (citing Fed. R. Civ. P. 54). Also, the District Court's failure to rule on Knox's first

For the reasons set forth above, we will affirm the judgment of the District Court.

---

motion to remand did not effectively dismiss his case, because the District Court granted Knox's motion to reopen the case three years after it was administratively closed.